The opinion of the court was delivered by
Fenner, J.
This is an appeal from a judgment rendered by a justice of the peace, condemning the defendant “to be fined in the sum of $25 and the costs. of these proceedings, and in default of payment of same he be imprisoned ten days in jail.” The proceeding was for a violation of an ordinance of the police jury prohibiting the propulsion by steam of traction engines over the public roads of the parish, and providing that “ whoever shall violate this ordinance * * shall be deemed guilty of a misdemeanor, and upon conviction thereof before any justice of the peace shall be fined the sum of twenty-five dollars and the cost of the court, and in default of the payment of said fine and cost shall be imprisoned in the parish jail not less thaa five nor more than ten days.”
The obvious import of this language shows that the ordinance creates and defines a criminal offence, prescribes penalties therefor, and authorizes the prosecution and conviction of offenders before a justice of the peace.
The proceeding in this case was begun by affidavit, charging defendant with violating the ordinance “ contrary to the statutes of the State in such cases made and provided and against the peace and dignity of the same,” and concludes, “ wherefore affiant prays that *1091 the said Bloch be arrested and dealt with according to law.” The case has'ho feature of a civil suit. It is unquestionably a criminal prosecution, and this is evidently the proceeding contemplated and provided in the ordinance.
The plea of the illegality and uneonstitutionality of the ordinance was duly made and overruled, as also a plea to the jurisdiction.
These pleas should have been sustained. The ordinance could not constitutionally confer such jurisdiction on justices of the peace. Articles 125 and 126 of the Constitution of 1879 define the jurisdiction of justices of the peace, and they have no criminal jurisdiction except as committing magistrates, with “power to bail or discharge in cases not capital or necessarily punishable at hard labor.”
Whether, under Art. 3364 of the Revised Statutes, the fine imposed by the ordinance might have been recovered in an ordinary civil suit before the justice of the peace is a question not here presented. The ordinance does not contemplate such a proceeding and the case before us does not present such an one.
In two very recent cases, we held that justices of the peace had no jurisdiction to enforce penalties imposed for violation of parochial ordinances by criminal proceeding inaugurated by affidavit and arrest, but were confined to ordinary civil' proceedings by citation. State ex rel. Long vs. Justice, 44 An. 949; Board of Health vs. Justice, 45 An.
In Police Jury vs. Arleans, 34 An. 646, we very distinctly held that “a person can not be arrested under a warrant issued by a justice of the peace charging him with violating an ordinance of the police jury and sentenced to fine and, in default of payment, to imprisonment by said justice,” and that an ordinance authorizing such a proceeding was illegal and null and void.
Our conclusion on this point is so clear and so fully sustained by authority that we deem it unnecessary to consider any other.
It is therefore adjudged and decreed that the judgment appealed from be annulled and reversed at plaintiff’s cost in both courts.